UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTANDER CONSUMER USA, INC.,

                                  Plaintiff,                               **REPORT AND**
                                                                           **RECOMMENDATION**
                -against-                                      **22-CV-4428 (EK) (ARL)**

INCORPORATED VILLAGE OF HEMPSTEAD,
AAAA NASSAU, INC. and WILLIAM CARLOTTI,

                                Defendant.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court is the renewed motion of the plaintiff Santander Consumer USA, Inc. ("Santander") to strike the answer of the defendant AAAA Nassau, Inc. d/b/a Nassau Auto Body & Towing ("AAAA") due to its failure to respond to Santander's First Set of Interrogatories and First Requests for the Production of Documents served over two years ago on January 23, 2023. For the reasons set forth below, the undersigned recommends that Santander's motion to strike AAAA's answer and for a default judgment be granted but that the determination of damages be stayed until the claims against the non-defaulting defendant Incorporated Village of Hempstead are resolved.

## BACKGROUND

       Santander commenced this action on July 27, 2022, against the defendants, Incorporated Village of Hempstead ("Hempstead"), AAAA and William Carlotti ("Carlotti"), alleging, among other things, that the defendants seized, detained, and disposed of the plaintiff's vehicle without first providing any form of notice or hearing during which the plaintiff could protect its property interest. Hempstead filed an answer to the complaint on September 29, 2022. In its answer, Hempstead asserted crossclaims against AAAA and Carlotti for indemnity and contribution. On

October 20, 2022, AAAA filed its answer along with a cross claim against Hempstead. The defendant Carlotti failed to appear.

In the meantime, on October 17, 2022, the Court directed the parties to file a Rule 26(f) report by November 18, 2022. As required, on November 18, the Court did receive a Rule 26(f) report from Santander and Hempstead. ECF No. 13. According to the report, although all of the answering parties had mutually agreed on a time for their Rule 26(f) meeting, moments before the meeting was scheduled to begin, counsel for defendant AAAA, Howard Arber ("Arber"), stated he would not be in attendance and that he would let the other parties know if he had any objections or otherwise required any changes to the report. Despite his representation, Arber failed to respond to several emails and phone calls from counsel seeking his approval of the report. Accordingly, Santander and Hempstead were forced to file the report without the benefit of his input.

After several adjournments were requested by the parties, the Court then held an initial conference on January 18, 2023. Counsel for Santander, Hempstead and AAAA appeared. Following the conference, the Court entered a scheduling order establishing August 10, 2023, as the deadline for completion of discovery. ECF No. 17. However, in August, Santander requested an extension of the discovery deadline to November 8, 2023, which was granted.

On October 2, 2023, approximately one month before the discovery deadline was set to expire, Santander filed a motion seeking to compel AAAA to produce documents and information in response to its discovery demands. AAAA did not oppose the motion. Accordingly, by order dated October 24, 2023, the undersigned granted the motion to compel and directed AAAA to provide responses by November 10, 2023. The Court warned AAAA

that failure to do so could result in the imposition of sanctions including a recommendation that its answer be stricken and the plaintiff be permitted to seek a default judgment.

AAAA did not respond to the requests despite being ordered to do so. As such, on December 1, 2023, Santander filed its first motion seeking to strike AAAA's answer. However, before the Court could respond to the motion, AAAA's counsel, Arber, sought to be relieved. ECF No. 23. According to Arber, representatives from AAAA would not communicate with him. Although the lack of communication with counsel was a satisfactory reason for seeking withdrawal, the Court denied Arber's motion because there was no indication that he had served his client with the motion. The Court further advised Arber that if he wished to renew his application, the renewed motion was to be filed no later than December 29, 2023. Finally, the Court warned Arber that he remained the attorney of record and, as such, was required to advise his client, in writing, that it was compelled to respond to Santander's outstanding discovery requests.

On December 29, 2023, Arber filed a renewed motion to withdraw indicating service on AAAA. That motion was granted on January 12, 2024. In its January 12 order, the Court granted AAAA 30 days to obtain new counsel. The undersigned also warned AAAA that it was required to retain new counsel because a corporation cannot appear *pro se*. On February 14, 2024, two days after AAAA was to obtain counsel and have that counsel file a notice of appearance on its behalf, Santander filed its second motion to strike AAAA's answer. Although grounds certainly existed to strike the answer, the Court indicated its preference to give AAAA one final opportunity to have new counsel file a notice of appearance and to respond to the outstanding discovery requests by March 15, 2024. Once again, the Court stated that failure to

3

do so would result, upon motion from the plaintiff, in a recommendation to the District Judge that AAAA's answer be stricken and it be permitted to file a motion for a default judgment.

On March 18, 2024, Santander filed a second renewed motion indicating that AAAA's deadline to have counsel file a notice of appearance and to respond to outstanding discovery had passed without response. However, there was no indication that the motion had been served on AAAA. Accordingly, the undersigned denied the second renewed motion to strike the answer with leave to renew along with proof of service on AAAA. On July 2, 2024, Santander filed the instant motion seeking, once again, a recommendation that AAAA's answer be stricken and a default judgment be entered against it.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 16(f) and 37(b), '[a] court may impose a range of sanctions on a party which fails . . . to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment.'" *Arch Ins. Co. v. Sky Materials Corp.,* No. 17 CV 2829 (CBA)(LB), 2021 WL 966110, at *3 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, No. 17 CV 2829 (CBA)(LB), 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021) (citing *Trustees of the Paper Products, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Trust Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-1475 (ILG)(VMS), 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013)). The Second Circuit has provided several factors to be considered in determining whether to impose sanctions pursuant to these rules, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Southern New Eng. Tel. Co. v. Global NAPs*

4

*Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009))(quoting Nieves v. City of New York, 208 FRAT 531, 535 (S.D.N.Y. 2002)) (internal quotation marks and alteration omitted). In addition, given the fact that the imposition of a default judgment is a "drastic remedy," it should generally be used only when the Court has considered lesser alternatives. *Id.* (citing *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Nonetheless, "[w]here a corporate defendant has been ordered to retain counsel and fails to do so, striking a defendant's answer, including its [crossclaims], is an appropriate sanction." *See Arch Ins. Co.*, 2021 WL 966110, at *4.

Given the history of this case and AAAA's course of conduct, it is apparent that AAAA is unwilling or unable to engage in this litigation and that any lesser sanction than default judgment would merely delay the plaintiff's eventual recovery. In addition, AAAA has been repeatedly warned of the consequences of noncompliance. Accordingly, the undersigned respectfully recommends that AAAA's answer be stricken and that a default judgment be entered against it. At this time, however, a determination of damages against AAAA is complicated by the presence in the case of a non-defaulting defendant. To the extent that the defendants, both defaulting and non-defaulting, may or may not be jointly and severally liable, a calculation of damages and entry of final judgment against AAAA is premature. *See Long Island Hous. Servs. v. Greenview Properties, Inc.*, No. 07CV0352 ADS WDW, 2008 WL 150222, at *1 (E.D.N.Y. Jan. 11, 2008), report and recommendation adopted, No. 07CV0352(ADS)(WDW), 2009 WL 960200 (E.D.N.Y. Apr. 4, 2009). It is well settled that where there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. *Id.*

5

(citing *Lawrence v. Vaman Trading Co., Inc.,* No. 92 Civ. 0377, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (quoting *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.,* 978 F.2d 430, 433 (8th Cir. 1992)).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days.  Any requests for an extension of time for filing objections must be directed to Judge Komitee prior to the expiration of the 14-day period for filing objections.  Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997).

Counsel for Santander is directed to immediately serve a copy of this Report upon AAAA and file proof of service on ECF.

Dated:   Central Islip, New York
         February 4, 2025

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge